IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**ROBERT ELISHA MYRICK,**
    Plaintiff,

vs.                                   Case No.: 3:08cv6/MCR/MD

**DERECK E. STERLING, et al.**
    Defendants.
_____

### REPORT AND RECOMMENDATION

This cause is before the court upon plaintiff's civil rights complaint (doc. 1) filed pursuant to 42 U.S.C. § 1983. Plaintiff, who is proceeding *pro se*, has been granted leave to proceed *in forma pauperis* (doc. 4), and has paid the initial partial filing fee (doc. 5). Upon review of the complaint, the court concludes that plaintiff has not presented an actionable claim and that dismissal of this case is warranted.

Since plaintiff is proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). A complaint is frivolous under section 1915(d) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *Id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). Dismissals for failure to state a claim are governed by the same

standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the court accepts all the factual allegations in the complaint as true and evaluates all inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, --- U.S. ---, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (May 21, 2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations--on their face--show that an affirmative defense bars recovery on the claim. *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

      Plaintiff is an inmate of the Florida penal system currently confined at Gulf Correctional Institution. (Doc. 1, p. 2). His complaint concerns his alleged false arrest and prosecution for aggravated battery and criminal mischief in 2002. Named as defendants in this action are Escambia County Deputy Sheriff Dereck Sterling; Assistant State Attorney John Simon; and Ted Stokes, a private attorney. Plaintiff alleges that on the night of March 17, 2002, defendant Sterling arrested him on fabricated criminal charges of aggravated battery and criminal mischief, and detained him in the Escambia County Jail. Sterling then fabricated an arrest and offense report alleging that plaintiff intentionally drove his vehicle into another vehicle in an attempt to harm the occupants of the other vehicle. Plaintiff appeared before a judge of the Escambia County Circuit Court, and was bound over on a $6,000 bond.[1] (*Id.*, p. 5). Assistant State Attorney Simon initiated and prosecuted the criminal charges. Plaintiff hired defendant Stokes as defense counsel. Plaintiff

---

[1]Plaintiff identifies his case as Escambia County Circuit Court case number 2002-1340.

states that a trial date was set for March 7, 2003, and that Deputy Sterling appeared and was prepared to testify against plaintiff, but did not testify because plaintiff entered a plea to the charges. Plaintiff complains that attorney Stokes failed to investigate and call defense witnesses, failed to prepare a defense and "gave plaintiff false information the date of his trial, all resulting in a conviction by plea, followed by a 27.9 months prison sentence." (*Id.*, p. 6). Thereafter, plaintiff filed a motion for post-conviction relief in the state court under Florida Rule of Criminal Procedure 3.850, asserting various grounds of ineffective assistance of counsel. According to plaintiff, the judgment and sentence was vacated on September 20, 2007. On October 4, 2007 the State nolle prossed the charges. Plaintiff complains, however, that while the appeal of his post-conviction motion was pending, defendants Stokes and Simon with the assistance of the state court and two court reporters:

> fabricated a record of plaintiff's scheduled trial date of March 7, 2003, and fabricated a deposition of alleged victim Sandra Gimlin in attempt to prevent plaintiff from prevailing on referenced [post-conviction] motion, and to make it appear that the taking of plaintiff's plea was fair and legal, and to also make it appear that prosecutor/defendant Simon had probable cause to prosecute plaintiff for the referenced offenses.
> . . .

(*Id.*, pp. 6-7).

Based on the foregoing conduct, plaintiff claims Deputy Sterling violated his rights under the Fourth Amendment by falsely arresting him. (*Id.*, p. 9). Plaintiff claims Assistant State Attorney Simon violated his Fourteenth Amendment rights by: (1) prosecuting him "in disregard of any evidence to substantiate the elements of the charged offenses and also in disregard of documenting procedures required by Fla. Statutes concerning ca crash/collisions investigations;" (2) withholding exculpatory evidence during the discovery phase of the criminal proceeding; and (3) fabricating documents and presenting them to the appellate court in plaintiff's post-conviction proceeding. (*Id.*, pp. 7-8). Plaintiff claims attorney Stokes violated his Sixth Amendment rights by providing ineffective assistance during the criminal

proceeding and working with Assistant State Attorney Simon to fabricate documents during plaintiff's Rule 3.850 appeal. (*Id.,* p. 9). As relief, plaintiff seeks damages ($27,900,000.00 in compensatory damages and unspecified punitive damages), and injunctive relief (a criminal investigation of the defendants). (*Id.,* p. 10).

As an initial matter, plaintiff is not entitled to the injunctive relief he seeks. As a private citizen, plaintiff "has no judicially cognizable interest" in the criminal investigation or prosecution of another. *Otero v. United States Attorney Gen.*, 832 F.2d 141 (11th Cir. 1987) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146, 1149, 35 L.Ed.2d 536 (1973)); *see also Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (holding that a private citizen has no authority to initiate a criminal prosecution); *Sattler v. Johnson*, 857 F.2d 224, 226-27 (4th Cir. 1988) (holding that a private citizen has no constitutional right to have other citizens, including state actors, criminally prosecuted); *O'Berry v. State Attorneys Office,* 214 Fed. Appx. 654, 657 (11th Cir. July 23, 2007) (unpublished) (affirming district court's finding that a private citizen cannot force the United States Attorney General to bring a criminal prosecution against another citizen). Thus, plaintiff's claim for injunctive relief is due to be dismissed as frivolous.

Plaintiff's damages claims against the individual defendants are also due to be dismissed. Plaintiff's Fourth Amendment claims of false arrest and false imprisonment against defendant Sterling are barred by the statute of limitations. "To dismiss a prisoner's complaint as time-barred prior to service, it must 'appear beyond a doubt from the complaint itself that [the prisoner] can prove no set of facts which would avoid a statute of limitations bar.'" *Hughes v. Lott,* 350 F.3d 1157, 1163 (11th Cir. 2003) (quoting *Leal v. Georgia Dep't of Corrections*, 254 F.3d 1276, 1280 (11th Cir. 2001). A § 1983 action is governed by the forum state's general personal injury statute of limitations. *Wallace v. Kato*, --- U.S. ---, 127 S.Ct. 1091, 1094, 166 L.Ed.2d 973 (Feb. 21, 2007). In Florida, there is a four-year personal injury statute of limitations. *See Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003); *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996) (citations omitted); *Baker v. Gulf & Western*

*Indus.*, 850 F.2d 1480, 1481 (11th Cir. 1988); *see* Fla. Stat. § 95.11(3).

Federal law, however, determines when the statute of limitations begins to run. *Wallace v. Kato*, 127 S.Ct. at 1095. Under federal law, the limitations period begins to run when a plaintiff knew or should have known of the injury that forms the basis of the claim. *Brown v. Georgia Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (holding that the limitations period begins to run "from the date the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights"). The United States Supreme Court has specifically held that a § 1983 claim for false arrest, "where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace*, 127 S.Ct. at 1100.[2]

In the instant case, plaintiff claims Deputy Sterling deprived him of his Fourth Amendment rights when he falsely arrested and detained plaintiff in jail in March of 2002. According to plaintiff's allegations, however, his false imprisonment ended shortly thereafter at his initial appearance when legal process was initiated against him and he was bound over by a judge on a $6,000 bond. Thus, plaintiff was required to file suit no later than March of 2006. Plaintiff did not file this suit until January 2, 2008. (Doc. 1, p. 1). He has not pleaded any facts indicating why the limitations period should toll.[3] Because it plainly appears from the face of the

---

[2]The Court in *Wallace* concluded that for purposes of determining the accrual date of an arrestee's § 1983 claim of false arrest, the tort of false imprisonment provides the proper analogy since that tort remedies detention without legal process. 127 S.Ct. at 1095. ("False arrest and false imprisonment overlap; the former is a species of the latter."). Turning to the question of the running of the limitations period for filing a § 1983 action for false imprisonment, the Court reiterated the well-established principle that "[l]imitations begin to run against an action for false imprisonment when the alleged false imprisonment ends." *Id.* at 1096 (internal quotation marks and citations omitted). And in a case of continuing detention, a person's false imprisonment ends when that person "becomes held pursuant to legal process – when, for example, he is bound over by a magistrate or arraigned on charges." *Id.* After a detainee's confinement becomes a product of legal process, his continued detention may still be unlawful, but any damages suffered after that point must be recovered under the "entirely distinct" tort of malicious prosecution, "which remedies detention accompanied not by absence of legal process, but by *wrongful institution* of legal process." *Id.*

[3]Anticipating that plaintiff will argue that the commencement date for running of the statute of limitations is governed by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and that the limitations period did not begin to run until after his

complaint that plaintiff's claims against defendant Sterling are time-barred, they should be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

As to plaintiff's damages claims against Assistant State Attorney Simon, such claims are due to be dismissed on the grounds of absolute immunity, because plaintiff's allegations disclose that Simon was performing prosecutorial functions. The Eleventh Circuit has summarized the relevant legal principles concerning immunity as follows:

> The Supreme Court has repeatedly endorsed the use of a "functional approach" when determining whether a prosecutor is entitled to absolute immunity. Thus, we look to the nature of the function performed, not the identity of the actor who performed it. . . .
>
> A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government. The prosecutorial function includes the initiation and pursuit of criminal prosecution, and most appearances before the court, including examining witnesses and presenting evidence. The prosecutorial function, however, specifically does not include functioning as either an investigator or a complaining witness.

*Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004) (citations and quotations omitted).

Courts have held that absolute immunity includes protection for actions preliminary to the initiation of a prosecution and apart from the courtroom, *Imbler v. Pachtman*, 424 U.S. 409, 431 n. 33, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73, 113 S.Ct. 2606, 125 L.Ed.2d 909 (1993), and includes interviewing witnesses before charges are filed. *Mullinax v. McElhenney*, 817 F.2d 711, 715 (11th Cir. 1987). Further, the decision to prosecute is protected by absolute immunity from claims that the decision was malicious and unsupported by probable cause. *Imbler*, 424 U.S. at 430-31, 96 S.Ct. 984. Thus, charging a person with a crime in the absence of probable cause is within the scope of a prosecutor's

---

judgment and sentence were vacated and the criminal charges nolle prossed, such argument should be rejected. The Supreme Court in *Wallace* rejected both the argument that the statute of limitations on a false arrest claim should begin only after "an anticipated future conviction . . . occurs and is set aside," *id.* at 1098, and the argument that the statute of limitations on such a claim should be tolled until an anticipated future conviction is set aside, *id.* at 1099.

absolute immunity.  *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1281 (11th Cir. 2002); *see also Elder v. Athens-Clarke County, Georgia ex rel. O'Looney*, 54 F.3d 694, 695 (11th Cir. 1995) ("A prosecutor's decision to bring charges against a person, so long as the prosecutor is acting within the scope and territorial jurisdiction of his office, is immune from an action for damages under § 1983.").  Similarly, filing criminal charges without investigation is subject to absolute immunity.  *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985); *Fullman v. Graddick*, 739 F.2d 553, 558-59 (11th Cir. 1984).  And "[a] prosecutor is absolutely immune from suit for malicious prosecution."  *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999).

Applying these principles to the alleged conduct of defendant Simon, the court concludes that he is entitled to absolute immunity.  The conduct attributed to him is well within his function as an advocate for the State of Florida, and was intimately associated with the judicial phase of the criminal process.  Therefore, plaintiff's claims against this defendant will be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(b)(iii).

Plaintiff's claims against defendant Stokes are also due to be dismissed.  In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

> 1. whether the conduct complained of was committed by a person acting under color of state law; and
>
> 2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420, 428 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).  With regard to the first requirement, it is well-settled that "the party charged with the deprivation must be a person who may fairly be said to be a state actor."  *Patrick v. Floyd Med. Ctr.*, 201 F.3d 1313, 1315 (11th Cir. 2000).  This is a jurisdictional prerequisite.  *Nail v. Community Action Agency of Calhoun County*, 805 F.2d 1500, 1501 (11th Cir. 1986); *see also Haynes v. Sacred Heart Hosp., F.E.*, 149 Fed.Appx. 854,

855 (11th Cir. 2005) (unpublished opinion).  If the court concludes there is no state action, it must dismiss plaintiff's § 1983 claim.  *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001).

In the instant case, plaintiff alleges that Mr. Stokes was a private attorney whom plaintiff hired as defense counsel.  (Doc. 1, p. 6).  Only in rare circumstances may a private party be viewed as a state actor for § 1983 purposes:

> [T]o hold that private parties . . . are State actors, th[e] court must conclude that one of the following three conditions is met:  (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution (State compulsion test); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State (public function test); or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise (nexus/joint action test).

*Rayburn*. 241 F.3d at 1347 (internal quotation marks omitted).  Plaintiff's ineffective assistance of counsel claims against defense attorney Stokes are based on allegations that during plaintiff's state criminal prosecution, Stokes failed to investigate and call defense witnesses, failed to prepare a defense and "gave plaintiff false information the date of his trial.  These allegations do not remotely suggest the kind of joint action with state actors that would subject this private party defendant to § 1983 liability.[4]  Even if Stokes had been appointed by the court, he still would not be considered as having acted under color of state law.  *See Polk*

---

[4]Moreover, plaintiff's conclusory allegation that Stokes in effect conspired with Simon and two court reporters to "fabricate" the record is insufficient to state a § 1983 claim.  To establish a prima facie case of conspiracy under § 1983, the plaintiff must allege, among other things, that the defendants "reached an understanding to violate his rights."  *See Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1283 (11th Cir. 2002) (quotation and alteration omitted) (in a summary judgment context).  "The plaintiff does not have to produce a smoking gun to establish the understanding or willful participation required to show a conspiracy, but must show some evidence of agreement between the defendants."  *Id.* at 1283-84 (quotations and citation omitted).  To allege a conspiracy, a plaintiff must make "particularized allegations" that are more than vague or conclusory.  *GJR Inv., Inc. v. County of Escambia, Florida*, 132 F.3d 1359, 1370 (11th Cir. 1998); *Jackson v. Bell South Telecomms.*, 372 F.3d 1250, 1262-63 (11th Cir. 2004) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.") (citation and quotation marks omitted) (alteration in original).

*County v. Dodson,* 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) (holding that a public defender or defense attorney does not act under "color of state law" when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding, notwithstanding his appointment by a judicial officer). Because the facts as pleaded do not state a § 1983 claim to relief against attorney Stokes that is plausible on its face, such claims must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, it is respectfully RECOMMENDED:

1.  That this cause be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B).

2.  That the clerk be directed to close the file.

At Pensacola, Florida this 14th day of February, 2008.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).